# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE JONES A/K/A KELSIE MAURICE JONES | : | CIVIL ACTION |
| v. | : | |
| KATHLEEN G. KANE, et al. | : | NO. 14-4003 |

FILED
JUL 16 2014

## MEMORANDUM

JONES, J.                                                            JULY 16, 2014

    Plaintiff Maurice Jones, also known as Kelsie Maurice Jones, a prisoner at the State Correctional Institution at Somerset, brings this action pursuant to 42 U.S.C. § 1983, based on his allegation that the sentence he is serving is unconstitutional. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint with prejudice as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## I. FACTS

    In 1990, plaintiff was convicted of murder and sentenced to mandatory life in prison without parole. He was seventeen years old at the time. In June of 2012, the Supreme Court of the United States held, in *Miller v. Alabama*, that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." 132 S. Ct. 2455, 2469 (2012). The Pennsylvania Supreme Court subsequently ruled in *Commonwealth v. Cunningham*, 81 A.2d 1 (Pa. 2013), that *Miller* could not be applied retroactively to cases on collateral review. In light of *Miller*, plaintiff sought, and received, permission from the Third Circuit to file a second or successive *habeas* petition arguing that his sentence is unconstitutional. *In re Jones*, 3d Cir. No. 13-2696. Plaintiff's *habeas* petition was filed in this

1

ENTERED
JUL 17 2014

district and was stayed pending a decision by the United States Supreme Court on the petition for certiorari that was filed in *Cunningham*. *Jones v. Rozum*, E.D. Pa. Civ. A. No. 13-7192. That petition was recently denied. *Cunningham v. Pennsylvania*, 2014 WL 797250 (June 9, 2014).

Instead of petitioning to remove his *habeas* proceeding from suspense, plaintiff filed the instant lawsuit, pursuant to 42 U.S.C. § 1983, alleging that his sentence of mandatory life imprisonment without the possibility of parole is unconstitutional under *Miller*. He seeks declaratory judgment that his continued incarceration under his current sentence violates his constitutional rights, and essentially seeks resentencing.

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) applies, which requires the Court to dismiss the complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Claims that fall within the "core" of *habeas*, such as those challenging the fact or duration of a prisoner's confinement, are not cognizable under § 1983, and must instead be raised in a *habeas* proceeding. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 500 (1973). Likewise, "a state prisoner's § 1983 action is barred (absent prior invalidation [of his conviction or sentence]) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that

2

action would necessarily demonstrate the invalidity of confinement or its duration." *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis omitted); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (claim not cognizable under § 1983 when prisoner sought declaration that would have necessarily implied invalidity of deprivation of good time credits). Here, plaintiff is attacking the very fact of his confinement because he claims he is incarcerated pursuant to an unconstitutional sentence, and seeks invalidation of that sentence. Such a claim must be raised in a *habeas* petition, and plaintiff has already filed a *habeas* petition in this district attacking his sentence under *Miller*. To the extent plaintiff seeks a declaration that his sentence is unconstitutional, his claims are barred because success on such a claim would necessarily imply the invalidity of his sentence, which has not yet been invalidated.

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Here, amendment would be futile because it is apparent that plaintiff's claims are not cognizable in a civil rights action. Accordingly, plaintiff may not file an amended complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint with prejudice as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's motion for counsel will be denied. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether to grant counsel, "the district court must consider as a threshold matter the merits of the plaintiff's claim."). An appropriate order follows.

3